■ ANDREW ZLOTNICK, Appellant, v NEW YORK YANKEES PARTNERSHIP et al., Respondents. [62 NYS3d 348]—

Judgment, Supreme Court, Bronx County (Lizbeth González, J.), entered on or about February 1, 2016, dismissing the complaint pursuant to an order, same court and Justice, entered on or about December 23, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff was injured when, while attending a Yankees baseball game, he was struck in the eye by a foul ball as he was sitting in his assigned seat halfway down the first-base line, a few rows from the field. Defendants did not breach a duty of care, since the evidence shows that appropriate netting was erected behind home plate, and there was no evidence indicating that there was a lack of available seating in such protected area (*see Akins v Glens Falls City School Dist.*, 53 NY2d 325, 331 [1981]; *see also Davidoff v Metropolitan Baseball Club*, 61 NY2d 996 [1984]).

Plaintiff's argument that triable issues of fact exist because defendants' conduct enhanced the risks normally attendant to the game of baseball by allowing the game to be played in intermittent rainy weather, and by not enforcing the stadium's umbrella policy by ensuring that spectators using umbrellas did not obstruct the ability of other patrons to view the game, is unavailing. Rainy weather and umbrellas are not uncommon to the game of baseball, and plaintiff admittedly used his own umbrella during the course of the game before being struck by the foul ball. The circumstances presented warranted plaintiff heeding the warnings on the back of his ticket, and on the back of the seats, as well as those regularly made over the public address system, to request a change of seating if necessary, and to advise a stadium employee of any particularized concerns a patron may encounter during the course of watching the game.

We have considered and rejected plaintiff's remaining arguments. Concur—Renwick, J.P., Kapnick, Gesmer and Kern, JJ.